## ACTION TO RECOVER FOR LIFE LOST IN A BURNING BUILDING.

Court of Appeals for Hamilton County.

JOHN J. HENDERSON, ADMINISTRATOR, v. MOSES RUSKIN.

Decided, March 1, 1913.

*Landlord and Tenant—Responsibility for Protecting from Fire Occupants of Buildings Under Lease.*

The duty of providing convenient exits in case of fire, from a building more than two stories high, used as a factory, tenement, inn, or public house, is not placed by Section 4658, General Code, upon the owner of the fee, where all the floors above the first are leased to a tenant who is in possession and control thereof.

*Jackson & Woodward,* for plaintiff in error.
*J. Louis Kohl,* contra.

The decedent lost her life in a fire in December, 1909, in a building on Third street, owned by Mr. Ruskin, who was in possession of the first floor but had leased the three upper floors to one Wilson as a tenement house. The action was for damages, and at the hearing below a demurrer to the petition was sustained.

JONES, E. H., J.; SWING, J., and JONES, O. B., J., concur.

We are of the opinion that the construction to be placed upon the word "owner" as used in Section 4658 of the General Code is not affected by legislation enacted since the decision in *Lee v. Smith*, 42 O. S., 458. The syllabus in that case reads:

"Section 2573 of the Revised Statutes, as amended April 19, 1883, does not impose upon any owner in fee of a building more than two stories high, the duty to provide a convenient exit from the different upper stories of said building when such owner is not in possession or control thereof, although his tenant in possession ond control or the building may use the same as a factory or workshop."

Upon the authority of that case the demurrer to the amended petition was properly sustained by the court below and the judgment is affirmed.

We may add that the decision in *Rose v. King*, 49 O. S., 213, cited by plaintiff in error, in view of above holding, is of no avail as against this defendant.